## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KAREN LYNN PETRARCA and<br>PIETRO PETRARCA<br>21 Regina Drive<br>West Greenwich, RI 02817<br><br>Plaintiffs,<br><br>vs.<br><br>ELI LILLY AND COMPANY<br>Lilly Corporate Center<br>Indianapolis, IN 46285<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION _____<br><br>SUPERIOR CT. NO. 2007 CA 000962 B |

## DEFENDANT ELI LILLY AND COMPANY'S
## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Eli Lilly and Company ("Lilly"), pursuant to 28 U.S.C. §§ 1441 and 1446, notices the removal of this action from the Superior Court of the District of Columbia, Civil Division, to this Court. The grounds for removal are as follows:

## INTRODUCTION

1.    On February 9, 2007, Plaintiffs filed this case against Lilly. The action is styled as *Karen Lynn Petrarca and Pietro Petrarca v. Eli Lilly and Company,* Civil Action No. 07-0000962, in the Superior Court of the District of Columbia, Civil Division. In their Complaint, Plaintiffs allege that Karen Lynn Petrarca's *in utero* exposure to diethylstilbestrol ("DES") caused uterine and cervical malformations, infertility, and that Karen Lynn Petrarca incurred medical expenses for care and treatment, and suffered physical and mental pain and suffering. *See* Complaint at ¶ 4.

138084v1

2.      Pursuant to 28 U.S.C. § 1446(a), Lilly has attached "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action" as **Exhibit A.**

## NOTICE OF REMOVAL IS TIMELY

3.      Plaintiffs served their Complaint in this action on Lilly on February 22, 2007. The Complaint was the first pleading received by Lilly setting forth the claims for relief on which this action is based. Thus, the filing of this Notice is within the initial 30-day time period set forth in 28 U.S.C. § 1446(b) in which to remove a case based on diversity jurisdiction. Therefore, this Notice of Removal is timely.

## DIVERSITY JURISDICTION EXISTS

4.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332 and this case may be removed pursuant to 28 U.S.C. § 1441 because, as explained more fully below, it is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and involves a controversy between citizens of different states. This action is being removed to the District Court for the district where the action is pending.

5.      Title 28, U.S.C. § 1441(b) states that suits that do not arise under federal law are removable "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Plaintiffs filed this action in the Superior Court of the District of Columbia. The Defendant in this action is not a citizen of the District of Columbia.

6.      Upon information and belief, Plaintiffs are citizens of Rhode Island. *See* caption of Plaintiffs' Complaint, listing Plaintiffs' residence in West Greenwich, Rhode Island.

2

Lilly is a corporation organized under the laws of the State of Indiana with its principal place of business located in Indiana. Pursuant to 28 U.S.C. § 1332(c)(1), Lilly is a citizen of Indiana.

7.    Pursuant to 28 U.S.C. § 1332, complete diversity of citizenship exists.

## AMOUNT IN CONTROVERSY

8.    In their Complaint, Plaintiff Karen Lynn Petrarca seeks $2,000,000 in compensatory damages and $2,000,000 in punitive damages, and Plaintiff Pietro Petrarca seeks $1,000,000 in compensatory damages and $1,000,000 in punitive damages. *See* Complaint at p. 6. Based on Plaintiffs' damages sought, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## REMOVAL TO THIS DISTRICT

9.    Removal venue exists in the United States District Court for the District of Columbia, because the Superior Court of the District of Columbia, Civil Division, is within the District of the District of Columbia. 28 U.S.C. § 1441(a).

10.    Written notice of the filing of the Notice of Removal will be promptly served on the attorney for Plaintiffs, and a copy will be promptly filed with the Clerk of the Superior Court for the District of Columbia, Civil Division, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Removal to Federal Court is attached hereto as **Exhibit B.**

11.    As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000 and is between citizens of different states.

138084v1

12.     Lilly reserves all defenses, including, without limitation, the defense of lack of personal jurisdiction.

13.     Lilly reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Lilly gives notice that the matter styled as *Karen Lynn Petrarca and Pietro Petrarca v. Eli Lilly and Company,* Civil Action No. 07-0000962, in the Superior Court of the District of Columbia, Civil Division, is removed to the United States District Court for the District of Columbia, and requests that this Court retain jurisdiction for all further proceedings.

Respectfully submitted,

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON L.L.P.
600 14th Street, N.W., Suite 800
Washington, DC 20005-2004
Phone: (202) 783-8400; Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474-6550; Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT**
**ELI LILLY AND COMPANY**

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __1__ <sup>st</sup> day of March, 2007, a true and accurate copy of the foregoing has been furnished by first-class U.S. Mail, postage prepaid, to counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C.  20036
**Attorneys for Plaintiffs**

_____
**ATTORNEY FOR DEFENDANT**
**ELI LILLY AND COMPANY**

5

138084v1

# Exhibit A

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

RECEIVED
Civil Clerk's Office

KAREN LYNN PETRARCA and
PIETRO PETRARCA
21 Regina Drive
West Greenwich, RI 02817

FEB 0 9 2007

Superior Court of the
District of Columbia
Plaintiff Washington, D.C.

v.

ELI LILLY AND COMPANY
Lilly Corporate Center
Indianapolis, IN 46285
w/s/o NATIONAL REGISTERED AGENTS, INC.
1090 Vermont Avenue, NW, #910
Washington, DC 20005

Defendant.

]
]
]
]
]
]
]
]
]
] Civil Action No.
]
]
]
]
]
]
]
]
]
]

0000962-07

## COMPLAINT
### (DES Litigation – Products Liability, Punitive Damages)

1.      Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2.      Defendant is engaged, or has been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and is doing business in the District of Columbia. The Defendant met with and conspired with numerous pharmaceutical manufacturers in the District of Columbia, prior to obtaining governmental approval for Diethylstilbestrol ("DES"). Defendant spearheaded industry-wide conferences in the District of Columbia to seek approval of DES by Joint Submission, withholding from the Food and Drug Administration reports questioning the efficacy of DES and studies raising serious questions of safety. These meetings, conferences and agreements occurred in the District of Columbia.

## COUNT I
### (Negligence)

3.      On or about 1965 and 1966, during her pregnancy with Plaintiff Karen Lynn Patrarca, the mother of the Plaintiff herein bought and ingested DES in Massachusetts. Her

C:\AARON\2007\Maricel\Petrarca\Petrarca Complaint LILLY ONLY with husband 020907.doc

physician prescribed said drug during the pregnancy. The drug was manufactured and sold by Defendant Eli Lilly and Company.

4.    As a result of Plaintiff's embryonic exposure to DES, she suffered injuries, including, but not limited to, uterine and cervical malformations, with resulting infertility, inability to carry a child to term, incurred medical expenses for care and treatment, suffered physical and mental pain and was prevented from having a family she desired.

5.    Said injuries were the result of the negligence of Defendant, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to heed and report adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability)

6.    All of the allegations contained in Count I are realleged and incorporated herein by reference.

7.    DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

8.    Defendant is engaged, or has been engaged, in the business of producing DES, and is, or has been, a commercial manufacturer of said drug.

9.    Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendant's possession.

10.    Said product was defective when placed on the market by Defendant. DES was sold by Defendant without sufficient warning or instructions. A reasonable seller would not

2

have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

11.    Defendant knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendant's extensive advertising campaigns proclaiming the safety and efficacy of DES.

12.    As a result of Defendant's marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

13.    By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant is strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

### COUNT III
### (Breach of Warranty)

14.    All of the allegations contained in Counts I and II are realleged and incorporated herein by reference.

15.    At all times relevant to this action, Defendant marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

16.    Defendant knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendant's skills and judgments, and the implied and express warranties and representations.

3

17.    At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

18.    As a direct result of the breach of warranties by the Defendant, Plaintiff has been injured as aforesaid.

## COUNT IV
### (Misrepresentation)

19.    All of the allegations contained in Counts I, II, and III are realleged and incorporated herein by reference.

20.    Defendant represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

21.    The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendant's representations in his advice about purchase, use, and consumption of DES.

22.    At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendant in conscious, reckless and/or unreasonable disregard of facts available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

23.    As a direct result of said false representations by Defendant, Plaintiff was injured as aforesaid.

## COUNT V
### (Punitive Damages)

24.    All of the allegations contained in Counts I, II, III and IV are realleged and incorporated herein by reference.

4

25.    The acts of the Defendant were gross, wanton and intentional in that Defendant, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendant knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendant knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. The Defendant intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendant fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiff by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

## COUNT VI
### (Loss of Consortium – Pietro Petrarca v. Eli Lilly)

26.    All of the allegations contained in Counts I, II, III, IV and V are realleged and incorporated herein by reference.

27.    Plaintiff, Pietro Petrarca. is the husband of Karen Lynn Patrarca. As a result of the negligence, strict liability, breach of warranty, and misrepresentation of Defendant as aforesaid, Plaintiff Pietro Petrarca has been deprived of the love, services and affection of his wife, Karen Lynn Patrarca.

5

WHEREFORE, Plaintiff Karen Lynn Patrarca demands judgment against Defendant in the sum of Two Million Dollars ($2,000,000.00), as compensatory damages and the sum of Two Million Dollars ($2,000,000.00) as punitive damages, plus costs.

WHEREFORE, Plaintiff Pietro Petrarca., individually, demands judgment against Defendants Eli Lilly and Company, in the sum of One Million Dollars ($1,000,000.00), as compensatory damages and the sum of One Million Dollars ($1,000,000.00) as punitive damages, plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C.  20036
(202) 833-8040

Brandon J. Levine, #412130

Renee L. Robinson-Meyer, #455375

Steven J. Lewis, #472564

Counsel for Plaintiff


**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues of material facts.

Aaron M. Levine

6

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

KAREN L PETRARCA

Vs.                                                         C.A. No.        2007 CA 000962 B

ELI LILLY AND COMPANY

### INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-1, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge LYNN LEIBOVITZ
Date:  February 9, 2007
Initial Conference: 9:00 am, Friday, May 18, 2007
Location:  Courtroom 312
          500 Indiana Avenue N.W.
          WASHINGTON, DC  20001

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

00000962-07

KAREN LYNN PETRARCA et.al.

*Plaintiff*

VS.

ELI LILLY AND COMPANY

*Defendant*

Civil Action No. [                    ]

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.**  If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment  by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Aaron M. Levine

Name of Plaintiff's Attorney

1320 19th St., NW, Suite 500

Address

Washington, DC  20036

(202) 833-8040

Telephone



By _____
Deputy Clerk

Date [        2-9-07        ]

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS  FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

# Exhibit B

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| KAREN LYNN PETRARCA and<br>PIETRO PETRARCA<br>21 Regina Drive<br>West Greenwich, RI 02817<br><br>Plaintiffs,<br><br>vs.<br><br>ELI LILLY AND COMPANY<br>Lilly Corporate Center<br>Indianapolis, IN 46285<br><br>Defendant. | ) <br> ) <br> ) **CIVIL ACTION** _____<br> ) <br> ) **SUPERIOR CT. NO. 2007 CA 000962 B**<br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## NOTICE OF REMOVAL TO FEDERAL COURT

TO:    THE CLERK OF THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA,
       CIVIL DIVISION

PLEASE TAKE NOTICE that on the 1st day of March, 2007, Defendant Eli Lilly

and Company filed in the United States District Court for the District of Columbia, a Notice of

Removal of the above-styled action.  A true and accurate copy of such Notice of Removal is

attached hereto as Exhibit "1" and is incorporated herein by reference.

Pursuant to 28 U.S.C. § 1446(d), the filing of the attached Notice of Removal has

effected the removal of the above-styled action, and the Superior Court of the District of

Columbia, Civil Division, should proceed no further unless and until this case is remanded.

138081v1

Respectfully submitted,


/s/ Emily J. Laird_____
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON L.L.P.
600 14th Street, N.W., Suite 800
Washington, DC  20005-2004
Phone:  (202) 783-8400; Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108
Phone: (816) 474-6550; Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

2

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2007, I caused the following documents:

DEFENDANT ELI LILLY AND COMPANY'S NOTICE OF REMOVAL TO
FEDERAL COURT AND EXHIBIT 1

CERTIFICATE OF SERVICE

to be filed electronically with the Clerk of the Court through the Court's e-filing service,
CaseFileXpress, and that such e-filing service will send an e-notice of electronic filing to the e-
filing participants in this matter.

I further certify that I caused true and accurate copies of the above listed
documents to be mailed by first-class mail, postage paid, to the following counsel of record:

Aaron M. Levine
AARON M. LEVINE & ASSOCIATES
1320 19th Street, NW, Suite 500
Washington, DC  20036
**Attorneys for Plaintiffs**

/s/ Emily J. Laird
Emily J. Laird

**Attorney for Defendant**
**Eli Lilly and Company**

3

138081v1

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

KAREN LYNN PETRARCA
PIETRO PETRARCA
21 Regina Drive
West Greenwich, RI 02817

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**    Kent, RI
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, DC 20005
PH: (202) 833-8040

## DEFENDANTS

ELI LILLY & COMPANY
Lilly Corporate Center
Indianapolis, IN 46285

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Marion, IN
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

ATTORNEYS (IF KNOWN)

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
Shook, Hardy & Bacon LLP
600 14th Street, N.W., Suite 800
Washington, DC 20005
PH: (202) 783-8400

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
    Plaintiff

○ 3 Federal Question
    (U.S. Government Not a Party)

○ 2 U.S. Government
    Defendant

◉ 4 Diversity
    (Indicate Citizenship of
    Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX

FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ◉ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ◉ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

◉ **B.** *Personal Injury/*
*Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☒ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency*
*Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
    Administrative Agency is Involved)

○ **D.** *Temporary Restraining*
*Order/Preliminary*
*Injunction*

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*     **OR**     ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
    defendant
☐ 871 IRS-Third Party 26
    USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
    of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
    Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
    Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
    Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
    Exchange
☐ 875 Customer Challenge 12 USC
    3410
☐ 900 Appeal of fee determination
    under equal access to Justice
☐ 950 Constitutionality of State
    Statutes
☐ 890 Other Statutory Actions (if
    not administrative agency
    review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans<br>(excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding    ● 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. 1332; 28 U.S.C. 1441; 28 U.S.C. 1446. Plaintiff alleges personal injury related to mother's ingestion of pharmaceutical product.

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $** 6,000,000.00    Check YES only if demanded in complaint

**JURY DEMAND:**    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  March 1, 2007    SIGNATURE OF ATTORNEY OF RECORD  *Emily J. Land*

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.